<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANTHONY FRANCIS MARTINEZ, on behalf of himself and all others similarly situated, : : : : : | |
| Plaintiff, : | Civil Action No. 15-2100 (SRC) |
| v. : : | **OPINION & ORDER** |
| EQUIFAX INC. et al., : : | |
| Defendants. : | |

**<u>CHESLER</u>, U.S.D.J.**

This matter comes before the Court on the motion to dismiss the Complaint and to strike the class action allegations, pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendants Equifax Inc. and Equifax Information Services LLC (collectively, "Equifax"). For the reasons stated below, the motion to dismiss will be granted in part and denied in part.

This case arises from a dispute between a consumer, Plaintiff Anthony Francis Martinez, and a credit reporting agency, Equifax, under the Fair Credit Reporting Act ("FCRA"). In brief, the Complaint alleges that Equifax issued a credit report with incorrect and damaging information about Plaintiff, and refused to correct it. The Complaint asserts four claims for FCRA violations: 1) failure to implement reasonable procedures; 2) failure to conduct a reasonable investigation; 3) failure to provide notice of dispute; and 4) failure to consider all relevant information. The Complaint asserts these claims for Plaintiff, as well as on behalf of a putative class.

The class allegations in the Complaint begin by defining the class: the class action "is brought of behalf of all persons who disputed an Equifax credit report and where Equifax failed to

apply the proper and appropriate FCRA procedures." (Compl. ¶ 35.) The Complaint also states that questions of law or fact common to the class predominate over any questions affecting only individual members, and then cites seven issues concerning violations of the FCRA.

Defendants first move to dismiss the Complaint against Defendant Equifax Inc., arguing that Equifax Inc. is not a consumer reporting agency, as defined by the FCRA. Plaintiff, in response, does not oppose this. The motion to dismiss the Complaint against Defendant Equifax Inc. will be granted, and, as to Defendant Equifax Inc. only, the Complaint will be dismissed with prejudice.

Defendants next move to dismiss Counts III and IV, contending that the Complaint does not plead sufficient facts to make these claims plausible under the pleading standards of Iqbal and Twombly. As to Count III, violation of the FCRA through failure to provide notice of the dispute, Defendants correctly assert that the Complaint pleads insufficient facts in support: the Complaint has no information about even what entity provided the allegedly incorrect information to Equifax, much less anything about what transpired between Equifax and that unidentified entity. As to Count III, the motion to dismiss will be granted, and the claim will be dismissed without prejudice.

As to Count IV, for violation of the FCRA through failure to consider all relevant information provided by the consumer, the Complaint pleads sufficient facts to make plausible a claim that Defendant violated the FCRA by failing to consider all relevant information provided by the consumer. Taking the factual allegations as true, such a violation appears plausible.[1] As to

---

[1] Defendants argue that there "are any number of reasons why an investigation that included a review of Mr. Martinez's submissions" could have resulted in rejecting his dispute. That is absolutely true. Iqbal, however, does not require that a complaint's factual allegations must make a claim more likely true than not, but only that the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v.

Count IV, the motion to dismiss will be denied.

Defendants next move to strike the class allegations from the Complaint, arguing that the putative class, as defined, cannot be certified as a matter of law. Defendants argue that where, as here, it is clear from the face of the Complaint that the requirements for maintaining a class action cannot be met, it is appropriate to strike the class allegations at this early point in the litigation.

Defendants contend that the proposed class, as currently defined, does not and cannot meet the requirements of Federal Rule of Civil Procedure 23. The Third Circuit has held:

> The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only. To invoke this exception, every putative class action must satisfy the four requirements of Rule 23(a) and the requirements of either Rule 23(b)(1), (2), or (3). To satisfy Rule 23(a), (1) the class must be 'so numerous that joinder of all members is impracticable' (numerosity); (2) there must be 'questions of law or fact common to the class' (commonality); (3) 'the claims or defenses of the representative parties' must be 'typical of the claims or defenses of the class' (typicality); and (4) the named plaintiffs must 'fairly and adequately protect the interests of the class' (adequacy of representation, or simply adequacy). Rule 23(b)(3), the basis for certification here, 'requires that (i) common questions of law or fact predominate (predominance), and (ii) the class action is the superior method for adjudication (superiority).'

Marcus v. BMW of N. Am., LLC, 687 F.3d 583, 590-591 (3d Cir. 2012) (citations omitted).

The Complaint paraphrases the language of Rule 23(b)(3), asserting that "[t]here are questions of law or fact common to the Class that predominate over any questions affecting only individual members." (Compl. ¶ 38(B).) To be certified, the proposed class must therefore meet the requirements for classes pursuant to Rule 23(a) and Rule 23(b)(3).

In addition, the Third Circuit requires that a Rule 23(b)(3) class be ascertainable:

> Many courts and commentators have recognized that an essential prerequisite of a

---

Iqbal, 556 U.S. 662, 678 (2009). The facts alleged make it plausible that Equifax failed to consider all relevant information provided by Plaintiff.

> class action, at least with respect to actions under Rule 23(b)(3), is that the class must be currently and readily ascertainable based on objective criteria. If class members are impossible to identify without extensive and individualized fact-finding or 'mini-trials,' then a class action is inappropriate. Some courts have held that where nothing in company databases shows or could show whether individuals should be included in the proposed class, the class definition fails.

Marcus, 687 F.3d at 592-593 (citations omitted). Recently, the Third Circuit provided additional guidance on the ascertainability requirement:

> The ascertainability inquiry is two-fold, requiring a plaintiff to show that: (1) the class is 'defined with reference to objective criteria'; and (2) there is 'a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition.' The ascertainability requirement consists of nothing more than these two inquiries. And it does not mean that a plaintiff must be able to identify all class members at class certification—instead, a plaintiff need only show that 'class members *can* be identified.'

Byrd v. Aaron's Inc., 784 F.3d 154, 163 (3d Cir. 2015).

Defendants argue, and this Court agrees, that the class definition in the Complaint fails to meet the ascertainability requirement. First and foremost, the putative class is not defined with reference to objective criteria. The Complaint states that the class action "is brought of behalf of all persons who disputed an Equifax credit report and where Equifax failed to apply the proper and appropriate FCRA procedures." (Compl. ¶ 35.) This definition has two components: 1) the set of all persons who disputed an Equifax credit report; and 2) "where Equifax failed to apply the proper and appropriate FCRA procedures." The first component of the class definition is easily ascertained by reference to objective criteria, such as a list of all people who disputed an Equifax credit report, which clearly and crisply identifies all potential class members.

The second component of the definition, however, is not sufficiently ascertainable. It meets neither part of the Byrd ascertainability requirements. First, it lacks any reference to objective criteria. It leaves unanswered a host of crucial questions: what specific procedures are

proper and appropriate? How is the determination of the proper and appropriate procedure made? Procedures for doing what? This Court does not see how this subset of report-disputing consumers – the ones subjected to procedural failures by Equifax – can be determined by reference to any objective criteria.

Second, there appears to be no reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition. This is both because the class definition is unworkably vague, and also because it necessitates individualized fishing expeditions to search for unspecified violations of FCRA. This sounds very much like what the Third Circuit had in mind when it stated: "If class members are impossible to identify without extensive and individualized fact-finding or 'mini-trials,' then a class action is inappropriate." Marcus, 687 F.3d at 593. This Court does not see how it would be possible to ascertain the members of this subset without resort to individualized, open-ended fishing for FCRA violations.

In opposition, Plaintiff cites cases in which, he contends, other courts have certified similarly-defined classes. These cases are worth discussing, because they highlight the defects in Plaintiff's class definition. Plaintiff first cites Soutter v. Equifax Info. Servs., LLC, 307 F.R.D. 183, 194-195 (E.D. Va. 2015), an Equifax FCRA case in which the Court certified a class defined as follows:

> All natural persons who meet every one of the following definitional requirements:
>
> 1. the computer database of the Executive Secretary of the Supreme Court of Virginia shows that the person was the defendant in a Virginia General District Court civil action or judgment;
>
> 2. the computer database of the Executive Secretary of the Supreme Court of Virginia shows that as of the date 20 days after the Court's certification of this class, the civil action or judgment was dismissed, satisfied, appealed, or vacated on or before April 1, 2009 ("the disposition date");

5

> 3. Equifax's records note receipt of a communication or dispute from that person about the accuracy of Equifax's reporting of that civil action or judgment status; and
>
> 4. Equifax's records note that a credit report regarding the person was furnished to a third party who requested the credit report, other than for an employment purpose: (1.) no earlier than February 17, 2008, (2.) no later than February 21, 2013, (3.) after the date that Equifax's records note its receipt of the consumer dispute regarding the judgment status, and (4.) at least thirty (30) days after the disposition date but before the judgment notation was corrected by Equifax to report that it was satisfied, appealed or vacated.

This definition identifies the proposed class clearly and crisply, defining it by reference to clear objective criteria, and the administrative process for determining whether putative class members fall within the class definition is easy to envision. Unlike the class definition in the instant case, the Soutter class definition did not necessitate mini-trials.

Plaintiff next cites Summerfield v. Equifax Info. Servs. LLC, 264 F.R.D. 133, 144 (D.N.J. 2009), an Equifax FCRA case in which the Court certified a class defined as follows:

> All consumers in the State of New Jersey to whom, beginning two years prior to the filing of this Complaint and continuing through resolution of this action, in response to a dispute about the accuracy of a public record that Defendant reported (including, but not limited to bankruptcies, liens, or judgments), Defendant sent a letter substantially similar to the Letter attached to the Complaint as Exhibit A.

As with the definition in Soutter, and unlike that in the instant case, this defines the class by reference to clear objective criteria, the administrative process for determining whether putative class members fall within the class definition is easy to envision, and that process does not necessitate mini-trials.

Plaintiff next cites Clark v. Experian Info. Sols., Inc., 2002 WL 2005709 (D.S.C. June 26, 2002), a case in which the cited decision does not quote the class definition. It does, however, give a good sense of it, offering this summary:

> In their initial complaints, named Plaintiffs Franklin E. Clark and Latanjala Denise Miller allege that Defendants Experian Information Solutions, Inc., Equifax, Inc., Equifax Credit Information Services, Inc., Trans Union Corp., and Trans Union L.L.C. willfully failed to set up or maintain reasonable procedures to assure the maximum possible accuracy of information contained in their consumer credit reports. Plaintiffs further alleged that, for at least the past two years, Defendants have produced consumer credit reports regarding Plaintiffs, and the putative class, which indicate that Plaintiffs have been involved in bankruptcy proceedings. Plaintiffs contended, however, that neither they nor those similarly situated ever have filed bankruptcy, or at least have not filed within the ten year period immediately preceding the inclusion of the alleged inaccurate information in the credit reports.

Id. at *1. This suggests that the amended complaint proposed the easily ascertainable class of persons whose credit report incorrectly said that they had filed for bankruptcy. As with the definitions in Clark and Soutter, and unlike that in the instant case, this defines the class by reference to clear objective criteria, the administrative process for determining whether putative class members fall within the class definition is easy to envision, and that process does not necessitate mini-trials.

Plaintiff correctly contends that these three cases are on point, but they do not support Plaintiff's position. Instead, they highlight the defects in Plaintiff's proposed class definition. Plaintiff's proposed class definition fails to meet the ascertainability requirement. It is clear at this early stage of the litigation, as a matter of law, that this Court would never grant a motion for class certification involving this class definition. The class action allegations in the Complaint will be struck. Should Plaintiff wish to amend the Complaint to redefine the class, he must seek this Court's leave to do so.

The motion to dismiss the Complaint and to strike the class allegations will be granted in part and denied in part. As to Defendant Equifax Inc. only, the motion to dismiss will be granted, and the Complaint will be dismissed with prejudice. As to Count III, the motion to dismiss will be

granted, and the claim will be dismissed without prejudice.  As to Count IV, the motion to dismiss will be denied.  The motion to strike the class allegations in the Complaint will be granted.

For these reasons,

**IT IS** on this 19th day of January, 2016,

**ORDERED** that Defendants' motion to dismiss the Complaint and to strike the class action allegations (Docket Entry No. 9), pursuant to Federal Rule of Civil Procedure 12(b)(6), is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that, as to Defendant Equifax Inc. only, the motion to dismiss is **GRANTED**, and the Complaint is hereby **DISMISSED** with prejudice; and it is further

**ORDERED** that, as to Count III, the motion to dismiss is **GRANTED**, and Count III is hereby **DISMISSED** without prejudice; and it is further

**ORDERED** that, as to Count IV, the motion to dismiss is **DENIED**; and it is further

**ORDERED** that the motion to strike the class allegations is **GRANTED**, and the class allegations in the Complaint are hereby **STRUCK**.

                                               s/ Stanley R. Chesler
                                           Stanley R. Chesler, U.S.D.J.